IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Richard Lusby,<br><br>        Plaintiff,<br><br>v.<br><br>Savannah River Nuclear Solutions, LLC,<br><br>        Defendant. | C/A No. 1:20-cv-1165-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the court for review of the January 5, 2022 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 43.] In the Report, the Magistrate Judge recommends granting Defendant's motion for summary judgment. *Id.* at 13. For the reasons outlined herein, the court adopts the Report in its entirety.

## BACKGROUND

This is an employment dispute brought by Plaintiff Richard Lusby ("Plaintiff") against his former employer, Defendant Savannah River Nuclear Solutions, LLC ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, *et. seq*. [ECF No. 1-1.] On June 4, 2021, Defendant filed a motion for summary judgment on all claims. [ECF No. 25.] Plaintiff submitted a memorandum in opposition, and Defendant replied. [ECF Nos. 30,34.] On January 5, 2022, the Magistrate Judge issued the Report that is the subject of this order. [ECF No. 43.] In the Report, the Magistrate Judge recommends granting Defendant's summary judgment as to both causes of action.

1

Attached to the Report was the notice of right to file objections. *Id.* Plaintiff filed objections on January 27, 2022, and Defendant replied. [ECF Nos. 47, 50.] Accordingly, the matter is ripe for this court's review. As an initial matter, the court notes that the Report sets forth, in detail, the relevant facts and standards of law on this matter. Neither Plaintiff nor Defendant object to the Report's recitation of the facts, and this court incorporates those facts herein without another recitation.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct

2

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff objects to the Report's recommendation as to his first cause of action for discrimination. The Report's recommendation is two-fold. First, the Report recommends summary judgment on the grounds that Plaintiff cannot state a *prima facie* case because he is not within the class of persons protected by the ADA. And second, even if he could state a *prima facie* case, he fails to show that Defendant's proffered reason for failing to promote him was pretextual. Plaintiff objects to both grounds of dismissal as well as the Report's failure to consider relevant background evidence. *See* [ECF No. 37.]

### I. Consideration of Background Evidence

Of the fourteen different failures to promote that Plaintiff asserted in this case, all but three were time-barred. Plaintiff asserts that the Report erred in failing to consider his time-barred allegations as "background evidence" supporting his timely failure to promote claims. The court overrules his objection.

The Fourth Circuit has explained that in the summary judgment context, "a discriminatory allegation *may* still constitute relevant background evidence for valid claims." *See Evans v. Techs.*

3

*Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (emphasis added) (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)); *see Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1211 (2d Cir. 1993) (noting *Evans* does not compel the admission of background evidence, "but rather affords the trial court discretion to decide whether such evidence is admissible under the ordinary evidentiary standards of probity and prejudice").

In *Lamb v. Boeing Co.*, 213 F. App'x 175, 180 (4th Cir. 2007), the Fourth Circuit rejected the plaintiff's urging to consider five untimely denials as "background evidence" for his timely failure to promote claims. The court explained that the employer "offered merit-related reasons for its hiring decisions in each of those cases and nothing in the company's handling of those claims raises a red flag of discriminatory treatment that justifies viewing the discrete promotional decisions before this Court in a different light." *Id.* Plaintiff suggests that the Report erred in citing *Lamb* because it is an unreported opinion. *Lamb* is still persuasive, however, as to when consideration of untimely denials is appropriate. And here, as in *Lamb*, Defendant "has offered merits-related reasons for its hiring decisions, and Lusby fails to present sufficient evidence to suggest that those discrete decisions were discriminatory." [ECF No. 43 at 2 n.1.] Thus, the Report properly concluded that "consideration of the prior discrete acts in failing to promote Lusby would not be appropriate" in the instant case. *Id.*

Plaintiff argues that some of the prior denials *do* suggest discriminatory treatment, craving reference generally to his arguments made in reply to Defendant's motion for summary judgment. *See* [ECF No. 47 at 3.] But he fails to point to a specific error in the Magistrate Judge's finding that the evidence he provided is *not* suggestive of discriminatory treatment. He emphasizes that Defendant promoted him in 2005 but declined to promote him for any of the subsequent fourteen positions Plaintiff sought. *See id.* Plaintiff's qualification and selection for one position does not

rebut Defendant's explanation for denying him others or suggest a discriminatory motive for those denials. *See also* [ECF No. 50 at 4, Def.'s Reply (noting "the subsequent positions all had different people on the hiring panel and different individuals under consideration for the position" than the 2005 position).]

Nor is his discrimination claim supported by the evidence he points to in his objections. For example, he points to a "cryptic email" he received from hiring manager Cork Blackshire "stating that they needed to talk in person" after Plaintiff was denied a position in April 2015. *See* [ECF No. 47 at 4.] But Plaintiff fails to explain how this email demonstrates discrimination. Furthermore, as Defendant points out, the other members of the interview panel maintain that Plaintiff interviewed poorly, and their sworn declarations fail to suggest any discriminatory motive in the decision not to hire Plaintiff. *See* [ECF No. 50 at 5 (citing Parks Decl. ¶¶ 9-11, Lott Decl. ¶¶ 16-19).] Lastly, Plaintiff points to a low interview score he received in July 2018 for a position that is *not* time-barred in this action. *See* [ECF No. 50 at 4.] The Report appropriately considered this evidence when evaluating his failure to promote claim for the July 2018 position. *See* [ECF No. 43 at 9.] Plaintiff does not point to any error in this consideration or explain how this evidence supports his position that his *time-barred* rejections are relevant as background evidence.

In sum, Plaintiff fails to demonstrate that Defendant's previous hiring decisions provide relevant background evidence for his claims, and his objection is overruled.

**II. Whether Plaintiff Has a "Disability" under the ADA**

The Report concluded that Plaintiff failed to establish his *prima facie* case of failure to promote because he was unable to show that he has a qualifying disability under the ADA. The ADA defines "disability" as: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an

5

impairment. *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014); 42 USC § 12102(2)(a).[1]

Plaintiff argues that based on his cancer history—cancer diagnoses in 1995 and 2009—he satisfies the ADA's "record of" and "regarded as" definitions of disability. Defendant, on the other hand, argues that Plaintiff cannot meet either definition because he has not pointed to any evidence demonstrating that his cancer substantially limited a major life activity.[2] *See* [ECF No. 50 at 4]; *Alston v. Park Pleasant, Inc.*, 679 F. Appx 169, 172 (3d Cir. 2017) (emphasizing, in affirming the grant of summary judgment to the plaintiff's employer, that the plaintiff "never claimed at any stage of the litigation that her [cancer] limited any substantial life activity" and there was no reference in the complaint to a limitation of any kind).

### A. "Record of" Impairment

Plaintiff claims that he meets the ADA's "record" of impairment definition due to Defendant's documentation and knowledge of his cancer history. *See* [ECF No. 47 at 5.] A "record of" an impairment, however, is not enough. Under the ADA's definition he must demonstrate a record of an impairment *that substantially limits a major life activity*. 42 USC § 12102(2)(a). The court thus considers whether Plaintiff has "a history of, or has been misclassified as having, a physical impairment that substantially limits one or more major life activities." *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 153 (4th Cir. 2012) (quoting *Rhoads v. F.D.I.C.*, 257 F.3d 373, 391 (4th Cir. 2001)). "The determination of whether an impairment substantially limits a major life activity

---

[1] A 2008 amendment to the ADA instructs that "substantially limits" is to be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

[2] Major life activities under the ADA "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

requires an individualized assessment. 29 C.F.R. § 1630.2(j)(1)(iv). "To undertake that individualized assessment, courts have required some evidence of the plaintiff's substantial limitation—even when the limitation seems self-evident in context." *Alston*, 679 F. App'x at 172 (citing *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999) (holding that individuals claiming the ADA's protection must "prove a disability by offering evidence that the extent of the limitation in terms of their own experience . . . is substantial")).

Here, Plaintiff placed in the record occupational health records maintained by the Defendant. The records document Plaintiff's cancer treatment, and a 2009 record provides an isolated "disability" notation. *See* [ECF No. 30-2.] But the records fail to document that his cancer substantially limited him in a major life activity, nor has Plaintiff made such an allegation. *See Shepard v. United Parcel Serv., Inc.*, 470 F. App'x 726, 730 (11th Cir. 2012) (finding the plaintiff "cannot demonstrate that he had a record of having an impairment based solely on his prior medical leaves of absence and testimony that it was common knowledge at UPS that he had leukemia, because he failed also to produce evidence that his impairment substantially limited him in a major life activity"). On the contrary, the records reflect that Plaintiff successfully completed his treatments, was feeling great, and believed he could return to work without any restriction. *See e.g.* [ECF No. 30-2 at 8–10.] And, as the Report emphasized, "[Plaintiff] himself testified that after his cancer treatments, he returned to work with no restrictions and was physically able to do his job." *See* [ECF No. 43 at 7 (citations omitted).] Lastly, Plaintiff points out that hiring managers Scott Craft ("Craft") and Terry Pifer ("Pifer") were aware of his cancer, but he fails to demonstrate how their knowledge establishes a "record of" an impairment that substantially limits a major life activity. *See* [ECF No. 47 at 5.]

For the foregoing reasons, Plaintiff has failed to establish that he has a "record of impairment"

within the meaning of 42 U.S.C. § 12102(1)(B), and his objection is overruled.

### B. "Regarded As" Impaired

Plaintiff fares no better arguing that Defendant "regarded him" as impaired. A plaintiff may proceed under this disability definition by showing that he "has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). Under this definition, "the perception of the employer becomes the relevant inquiry for the court." *Lee v. Olsten Staffing Servs. Corp.*, No. 4:18-cv-2520, 2020 WL 4726738, at *4 (D.S.C. Aug. 14, 2020) (citations omitted). The Magistrate Judge correctly concluded that Plaintiff was unable to satisfy this definition because he failed to demonstrate that any decisionmaker for the promotions at issue regarded him as disabled based on his past cancer treatments. *See* [ECF No. 60 at 7.]

Plaintiff's argument that he was "regarded as disabled" because his hiring managers were aware of his cancer history is insufficient to show that the managers perceived an existing impairment or failed to promote him because of that perception. *See Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 703 (4th Cir. 2001) ("The fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'"). Nor is his argument supported by an email exchange where Pifer asks human resources ("HR") for input on how to respond to Plaintiff's inquiry as to why he was not selected for an interview. *See* [ECF No. 47 at 5; ECF Nos. 30-19, 30-20.] The discussion surrounds the merits-based reasons for the decision and nowhere in this exchange is Plaintiff's health or cancer history mentioned. The court fails to see how the email exchange permits an inference that Plaintiff's employer "regarded him as" disabled. Plaintiff has failed to provide evidence permitting an inference that his employer

8

perceived him as having an impairment or took any prohibited action because of such a perception, as required under 42 U.S.C. § 12102(3)(A).

For the foregoing reasons, the court adopts the Report's finding that Plaintiff failed to establish that he was within the class of persons protected under the ADA.

### III. Evidence of Pretext

The Report concluded that, even if Plaintiff could sufficiently demonstrate a qualifying disability and establish a *prima facie* case of discrimination, Defendant is nevertheless entitled to summary judgment on Plaintiff's failure to promote claims. For each of Plaintiff's timely failure to promote claims, Defendant proffered legitimate, nondiscriminatory reasons for not selecting Plaintiff, and the Magistrate Judge correctly found that Plaintiff failed to show that Defendant's reasons were pretext for discrimination. *See Heiko v. Colombo Sav. Bank*, *F.S.B.,* 434 F.3d 249, 259 (4th Cir. 2006) ("A plaintiff alleging a failure to promote claim can prove pretext by showing that he was better qualified or amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons.") (internal citations omitted). Below, the court briefly addresses Plaintiff's pretext argument regarding the three timely positions for which he was not selected.

### A. 3633BR

The first position at issue is Radiological Controls Position No. 3633BR ("3633BR"). Plaintiff argues he demonstrated pretext because testimony that he failed to complete a pre-interview assignment is contradicted in the record. *See* [ECF No. 47 at 6–7.] This argument ignores the undisputed evidence that the candidate Defendant selected, Christopher Williams ("Williams") outperformed and outscored Plaintiff during the interview process. *See* [ECF No. 43 at 9 (citing ECF No. 30-15).] Furthermore, the hiring manager's testimony and declaration attest that

9

Williams was selected for the position because of his interview performance and experience. *See* Craft Dep. 48, 55; Craft Decl. ¶¶ 12-14. Plaintiff fails to demonstrate that any inconsistencies concerning his pre-interview completion indicate that Defendant's proffered reason for hiring Williams was dishonest or pretext for discrimination. *See Sutton v. Cree, Inc.*, 172 F. Appx 485, 486 (4th Cir. 2006) ("[I]t is the perception of the decision maker that is relevant to the determination of whether discrimination in the selection process occurred.").

Likewise, Plaintiff fails to establish pretext when he argues that his low interview score is inexplicable, but for pretext, given that he was selected for the interview and received an equivalent pre-interview score as Williams. *See* [ECF No. 47 at 7.] Plaintiff fails to demonstrate that Craft or the two other individuals scoring his interview scored him dishonestly or as pretext for discrimination. *See Dawson v. United States*, 549 F. Supp. 2d 736, 754 (D.S.C. 2008), *aff'd*, 368 F. App'x 374 (4th Cir. 2010) ("To establish pretext, a plaintiff must produce evidence that shows that defendant's "assessment of her performance was dishonest or not the real reason" for the employment decision."). After careful consideration of Plaintiff's objections, the court finds that Plaintiff has failed to present evidence that Defendant's explanation for failing to promote him to position 3363BR was pretext for discrimination.

**B. 4192BR**

The second position at issue, Requisition No. 4192BR ("4192BR") was for two training manager positions in different departments. *See* [ECF No. 43 at 9.] Defendant explained that it did not select Plaintiff to interview for either position because he did not possess the requisite experience. Plaintiff summarily claims that this reason was false because his resume "outline[s] years of management experience." [ECF No. 47 at 7.] However, the hiring manager for 4192BR, Kevin Whitt ("Whitt") explained in detail why each candidate Defendant interviewed possessed

relevant experience that Plaintiff did not. *See* [ECF No. 25-19, Whitt Decl.] Whitt's declaration also contradicts Plaintiff's allegation that Defendant failed to submit evidence explaining how the chosen candidates, John Denton ("Denton") and Robert Kelly ("Kelly"), possessed more experience than him.[3] *See* [ECF No. 47 at 7–8.] Accordingly, Plaintiff has failed to present evidence that Defendant's explanation for failing to promote him to position 4192BR was pretext for discrimination.

### C.  4255 BR

The final position at issue in this action was for a Senior Facility Manager Position, No. 4255BR ("4255BR"). *See* [ECF No. 47 at 8.] Defendant maintained that it did not interview Plaintiff for 4255BR because he lacked the experience of those selected. As evidence of pretext, Plaintiff points to a scoring matrix where he summarily alleges his education score was unfair and his "middle-ground relevant work experience score" shows qualifying experience. *See id.* However, the matrix also states that Lusby was "not as qualified [as those interviewed] based on facility specific experience." *See* [ECF No. 30-21 at 2.] And, more to the point, Plaintiff fails to produce evidence demonstrating that this stated reason is false or pretext for discrimination. Plaintiff again brings up Pifer's email to HR, suggesting that Pifer's inquiry is evidence of pretext. *See* [ECF No. 47 at 8.] Pifer testified, however, that he simply wanted HR's "buy in" on his reply. *See* Pifer Dep. 46:21-24. Furthermore, HR's response approved the scoring matrix and expressed their "belief that [Pifer] selected qualified candidates with most direct related experience." *See* [ECF No. 30-20.] Plaintiff has not pointed to, nor can this court find, any indicators of pretext in

---

[3] Whitt's declaration attests that Denton had "direct experience with the radiation protection training program in which he was already a lead, which Lusby did not have," and Kelly had "significant experience as a training manager . . . and significant technology experience implementing a learning management system, which Lusby did not have." [ECF No. 25-19, Whitt Decl. ¶¶ 12, 16.]

11

this email exchange. Accordingly, Plaintiff has failed to present evidence that Defendant's explanation for failing to promote him to position 4255BR was pretext for discrimination.

In sum, Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Defendant's proffered reasons for failing to promote him were merely a pretext for discrimination. Accordingly, the court adopts the Report's recommendation to grant summary judgment in favor of Defendant on Plaintiff's discrimination claims for failure to promote.

## IV. Retaliation

Briefly, the court notes that Plaintiff did not object to the portion of the Report addressing Plaintiff's retaliation claim. In the absence of objections, this court reviews that portion of the Report for clear error, and finding none, adopts the Report's recommendation to grant summary judgment in favor of Defendant on Plaintiff's retaliation claim. *See Diamond*, 416 F.3d at 315.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 43, in its entirety and incorporates the Report by reference herein. As a result, the Defendant's motion for summary judgment, ECF No. 25, is **GRANTED**.

**IT IS SO ORDERED.**

March 28, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge